UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN LIRA,

    Plaintiff,

v.

K. PROSER, et al.,

    Defendants

No. 2:05-cv-02452 WBS GGH

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se, has filed motions to reopen this action. ECF Nos. 38, 42. These motions have been referred to the undersigned by the assigned district judge. See ECF Nos. 41, 43.

Plaintiff requests that the Court reopen his previously dismissed civil rights action. ECF No. 42 at 1. Plaintiff states he dismissed his action based on retaliation he faced from correctional officers at the time and was unable to proceed in his action out of fear of gang repercussions. Id. at 2. Plaintiff moves to reopen this action because he continues to suffer physical and mental pain from the actions committed by defendants while in prison. Defendants have filed an opposition arguing the motion is untimely; petitioner has not sufficiently alleged good cause exists to grant the motion; and that defendants would be prejudiced if this action were to be reopened. ECF No. 45.

////

On October 19, 2007, plaintiff filed a notice to voluntarily dismiss this action. ECF No. 34. By court order, on October 31, 2007, defendants filed a statement of non-opposition to plaintiff's request. ECF Nos. 35, 36. On December 14, 2007, the case was dismissed, and the Clerk of the Court directed to close this action. ECF No. 37.

Liberally construing plaintiff's motion, the undersigned will address this motion pursuant to Fed. R. Civ. P. 60(b).[1] Under Rule 60(b), a party may seek relief from judgment and to reopen an action in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir.1997). "A motion under Rule 60(b) must be made within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).[2] Although plaintiff does not identify a clear basis for relief pursuant to Rule 60(b)(1)-(3), nevertheless, plaintiff's request to reopen this action is untimely given that plaintiff's motion has been filed almost 14 years past the one-year time period. Even if Rule 60(b)(6) is involved, plaintiff has not brought his motion within a reasonable time. Based on the allegations presented by plaintiff, the court will deny his motions to reopen this action.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motions to reopen (ECF Nos. 38, 42) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

---

[1] Courts have held that the filing of a voluntary dismissal "is a judgment, order, or proceeding from which Rule 60(b) relief can be granted." In re Hunter, 66 F.3d 1002, 1004 (9th Cir. 1995).

[2] The one-year time period is limited to motions under Rule 60(b) (1)-(3).

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2021

<u>/s/ Gregory G. Hollows</u><br>
UNITED STATES MAGISTRATE JUDGE